8 So.2d 598

### PINKERTON v. STATE.

### 6 Div. 844.

Court of Appeals of Alabama.

May 26, 1942.

Rehearing Denied June 9, 1942.

Morel Montgomery, of Birmingham, for appellant.

Thos. S. Lawson, Atty. Gen., and L. L. Mooneyham, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The record discloses that the offense complained of was alleged to have been committed in Fayette County, "about the middle of March 1940;" and that on the 28th day of August following (1940), the grand jury of said county preferred an indictment against this appellant (defendant), which charged him with the offense of presenting a firearm at Will P. Jordan. Jordan, the record shows, was the Sheriff of said county.

The record also shows the following order was made and entered by the trial court in March, 1941:

"2018. State of Alabama, vs. Walter Pinkerton

"In the Circuit Court of Fayette County, Alabama, March 19, 1941.

"This day came J. C. Milner, Solicitor who prosecutes for the State and the defendant in his own proper person. Defendant demurs to the indictment charging him with unlawfully presenting firearms and State confesses the Demurrers and the defendant is held and bound over to await the action of the next grand jury and bail fixed at $300.00.

"V. W. Elmore
"Judge."

The indictment upon which the defendant was tried and convicted in this case, and from the judgment of conviction this appeal was taken, was returned into open court on the 27th day of August, 1941. And this case was tried and determined on September 16, 1941. Before entering upon the trial the defendant interposed demurrer to the indictment, which demurrer was overruled. Defendant then filed a special plea of the statute of limitations, to which the State made replication as follows: "Comes the State by J. C. Milner its Solicitor and for replication to the plea of the statute of limitations

filed by the Defendant and says, that while it may be true that the present indictment was returned by a Grand Jury more than one year after the alleged offense was committed, that there had been a previous indictment by a Grand Jury of said county against this same Defendant, and for this same identical act, and that said first indictment was held insufficient by this court, and then, at a later term of the court, the present indictment was duly returned by a Grand Jury of this county charging this Defendant with the same offense, and the State now says, that though, as above stated, this last indictment, though returned by a Grand Jury more than one year after the alleged offense was committed, that deducting the time that elapsed between the quashing of the first indictment, and the return of the present from said period as provided by Section —— 226 of Title 15, Code of 1940, or Section 4935 of Code of 1923, (which are the same) there is left less than one year of time, and the State therefore says that this prosecution is not barred by the Statute of limitations and this the State submits to the Court." Defendant's demurrer to the foregoing replication was overruled and defendant pleaded "not guilty."

The trial resulted, as stated, in the conviction of defendant, judgment was accordingly pronounced and entered, from which this appeal was taken.

The testimony adduced upon the trial was in direct conflict. That for the State made out the case as charged in the indictment in its every aspect. The defendant admitted having had a gun in his hands on the occasion in question, but he strenuously denied pointing, or presenting, it at the Sheriff, as the indictment charged.

It is clearly apparent, from the record, that the principal insistence of error was that the offense complained of, if committed, was barred by the statute of limitations. This issue was presented by the special plea, supra, and the replication of the State.

The court did not err in overruling the demurrer to the indictment; nor was there error in the action of the court in overruling the demurrer to the replication of the State. This, by virtue of the express terms of the Statute, Title 15, Section 226, Code of Alabama 1940. Said Section reads as follows: "When an indictment is lost, mislaid, or destroyed, or when the judgment is arrested, or the indictment quashed

for any defect therein, or for the reason that it was not found by a grand jury regularly organized, or because it charged no offense, or for any other cause, or when the prosecution is dismissed because of a variance between the allegations of the indictment and the evidence, and a new indictment is ordered to be preferred, the time elapsing between the preferring of the first charge or indictment and the subsequent indictment must be deducted from the time limited for the prosecution of the offense last charged."

The plain and unambiguous provisions of the foregoing statute having been fully complied with by the trial court, as the record shows, no elaboration here or further discussion as to this will be indulged.

There was no error in the action of the court in refusing the special written charges requested; nor was there error in overruling and denying the defendant's motion for a new trial.

The trial of this case in the court below was without error. Let the judgment of conviction from which this appeal was taken stand affirmed.

Affirmed.